**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| E Bruce Brimacombe, et al., | No. CV-26-04845-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| William Russell Miller, et al., | |
| Defendants. | |

The Court now considers Plaintiffs' Complaint (Doc. 1); Plaintiff E Bruce Brimacombe's Application for Leave to Proceed In Forma Pauperis (Doc. 4); and Plaintiff Brimacombe's Motion for Temporary Restraining Order ("TRO") (Doc. 3.).   After screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court **dismisses** the Complaint for the reasons explained below.  The Court also **denies** the TRO.

## I.   LEGAL STANDARD

The Court must review the Complaint to determine whether the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the

alternative or different types of relief.

Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

## II.    DISCUSSION

This case suffers from multiple defects. To start, of the 8 named Plaintiffs, only Plaintiff E Bruce Brimacombe filed an application to proceed in forma pauperis. *See Remmert v. Newsome*, No. 1:23-CV-00050-ADA-HBK, 2023 WL 180627, at \*17 (E.D. Cal. Jan. 31, 2023) ("[I]f multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status. Thus, each named plaintiff must submit separate applications to proceed as a pauper before a court will grant multiple plaintiffs in forma pauperis status in one action."). "Without knowing each Plaintiff's financial circumstances, the Court cannot conclude that they are eligible to proceed *in forma pauperis*." *Varner v. Strawter*, No. 2:24-CV-00537-JAD-DJA, 2024 WL 1606997, at \*1 (D. Nev. Apr. 12, 2024). Relatedly, only Plaintiff Brimacombe signed the Complaint. However, Plaintiff Brimacombe cannot appear on behalf of the other Plaintiffs; "each individual Plaintiff must sign the Complaint on his or her own behalf." *Nair v. Toth*, No. 2:23-CV-00454-TL, 2023 WL 4546378, at \*1 (W.D. Wash. July 14, 2023)

Additionally, the Court notes that that "[i]t is well-established Ninth Circuit law that

a corporation must be represented by counsel in legal proceedings." *Davenport v. SP Jedi Inc.*, No. CV-18-02580-PHX-SMM, 2020 WL 2850899, at *1 (D. Ariz. May 1, 2020). The Court thus notifies Plaintiffs that the corporate entities named in this litigation cannot proceed *pro se* and other individual Plaintiffs cannot represent the corporate entities. *Chen v. Clover Park Sch. Dist. No. 400*, No. 3:22-CV-05114-BHS-JRC, 2022 WL 2791484, at *1 (W.D. Wash. June 22, 2022) ("Business entities must be represented by counsel and cannot be represented by pro se parties.")

The Court also finds that the Complaint fails to state a claim for relief. The Court reviewed the Complaint and it cannot decipher its contents. The Complaint outlines a purported dispute involving nearly forty parties and over $800 million in damages and a variety of federal and state law claims. (Doc. 1.) Nonetheless, the "Factual Background" portion of the Complaint spans a meager eight sentences which otherwise fails to provide even a coherent general summary of this case. The Complaint is woefully deficient as it—among other defects—"is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See Gibson v. City of Portland*, 165 F.4th 1265, 1288 (9th Cir. 2026).

The Court also notes that the Complaint includes several "exhibits" which are documents drafted by Plaintiffs which seemingly attempt expound on different aspects of the Complaint. For example, "Exhibit A" is summary of facts and background information relating to a particular Defendant. (Doc. 1 at 6.) The Court will not tolerate this pleading strategy in the future as it is not this Court's role to piece together a cohesive narrative from multiple documents.

The TRO suffers from the same defects as the Complaint. Namely, the TRO expects this Court to make sense of a list of seemingly unrelated facts. At bottom, the Court lacks enough information to understand, much less meaningfully analyze the TRO. Plaintiffs are free to attempt to remedy these defects.

## III.    LEAVE TO AMEND

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation modified).  The Court grants Plaintiff leave to amend her ECPA claim.  Plaintiff's amended complaint must address the deficiencies identified above and should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure.  Within thirty (30) days from the date of entry of this Order, Plaintiff may submit a First Amended Complaint.  Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The First Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

The Court draws attention to the District of Arizona's Federal Court Advice Only Clinic, Federal Court Advice Only Clinic - Phoenix | District of Arizona | United States District Court (uscourts.gov).  The Court also notes the E-Pro Se program which assists litigants with creating a Complaint form, Welcome - eProSe (uscourts.gov).  Lastly, the Court advises Plaintiff that certain resources for self-represented parties, including a handbook and the Local Rules, are available on the Court's website, www.azd.uscourts.gov, by following the link "Self-Represented Litigants."

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED granting** Plaintiff E Bruce Brimacombe's Application for Leave to Proceed In Forma Pauperis (Doc. 4).

**IT IS FURTHER ORDERED denying** Plaintiff E Bruce Brimacombe's TRO (Doc. 3).

**IT IS FURTHER ORDERED dismissing** Plaintiff's Complaint (Doc. 1) with leave to file a First Amended Complaint within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended Complaint within thirty (30) days of the date of this Order, the Clerk of Court shall dismiss

this action without further order from the Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a First Amended Complaint, it may not be served unless and until the Court issues an Order screening the First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 14th day of July, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 5 -