**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| E Bruce Brimacombe, | No. CV-26-04845-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| William Russell Miller, et al., | |
| Defendants. | |

The Court now considers Plaintiff Bruce Brimacombe's Amended Complaint (Doc. 9). After screening the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court **dismisses** the Amended Complaint for the reasons explained below.

## I.    LEGAL STANDARD

The Court must review the Complaint to determine whether the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Although Rule 8 does not demand detailed factual allegations, "it demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

## II.     DISCUSSION

The Amended Complaint asserts a RICO claim and a RICO conspiracy claim. "A civil RICO claim requires allegations of the conduct of an enterprise through a pattern of racketeering activity that proximately caused injury to the plaintiff." Swartz v. KPMG LLP, 476 F.3d 756, 760–61 (9th Cir. 2007). "Racketeering activity is any act indictable under various provisions of 18 U.S.C. § 1961." *Bolos v. Waldorf=Astoria Mgmt. LLC*, 762 F. Supp. 3d 975, 1011 (D. Haw. 2025) (citation modified). Plaintiff's claims fail for a variety of reasons.

To start, the Amended Complaint fails to plausibly allege the existence of enterprise. The Amended Complaint alleges that Defendants "formed and operated an association-in-fact enterprise known as 'The Coordinate Destruction of GOe3 and Bruce Brimacombe by the Miller Gang of Greed' (the 'Enterprise')." (Doc. 9 at 2.) Aside from bare legal conclusions, there are no allegations that plausibly describing "some participation in the operation or management of the enterprise by members" or "that the alleged associates in the enterprise, over time, functioned as a continuing unit." *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1173–74 (E.D. Cal. 2017). This lack of detail is particularly fatal given that Plaintiff alleges that

each of the twenty-plus Defendants "formed and operated" the Enterprise.  Moreover, Plaintiff fails to describe the Enterprise's "ongoing structure or organization" beyond offering the conclusory statement that "[t]he Enterprise has continuity of structure and personnel spanning multiple years" and that "[m]embers coordinate through shared communications . . . and have divided roles."  (Doc. 9 at 2.)  At bottom, "Plaintiff's conclusory allegations lump defendants together, but do not plead the structural features of an enterprise."  *Gerow v. U.S. Dep't of Just.*, No. CV-23-01059-PHX-DGC, 2024 WL 149740, at *11 (D. Ariz. Jan. 12, 2024).  Moreover, some named Defendants are not specifically alleged to have any discrete connection with the Enterprise.

These issues aside, Plaintiff fails to adequately set forth allegations showing racketeering activity.  Here, Plaintiff relies on instances of wire fraud, identity theft, extortion, threats of violence, and tortious interference with contractual relations.  (Doc. 9 at 2–5.)  "With respect to mail and wire fraud, Plaintiff must allege the following elements: (1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud."  *Ryan v. Salisbury*, 382 F. Supp. 3d 1031, 1057 (D. Haw. 2019).  "In alleging fraud, a party must state with particularity the circumstances constituting fraud."  Nunag-Tanedo v. E. Baton Rouge Par. Sch. Bd., 790 F. Supp. 2d 1134, 1148 (C.D. Cal. 2011) (citation modified).  "At a minimum, this requires that the complaint must state the time, place and specific content of the false representation as well as the identities of the parties to the misrepresentation."  *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 865 F. Supp. 2d 1002, 1036 (C.D. Cal. 2011).  Plaintiff fails to meet this heightened pleading standard.  For example, Plaintiff alleges that "Defendant John Chandler made false and defamatory statements via interstate wire communications to Plaintiff's banks." (Doc. 9 at 3.)  Many of Plaintiff's allegations proceed in a similarly conclusory manner.

The Court also notes that while the Amended Complaint is clearer than the Complaint, the Amended Complaint still proceeds in a conclusory manner and gives the Court little ability to appreciate the factual underpinnings of this case.

The Court also notifies Plaintiff that he "must comply with all local, federal, and other applicable rules and/or statutes." *Bato v. Target Corp.*, No. CV 21-00307 SASP-WRP, 2025 WL 1319175, at \*12 (D. Haw. Mar. 7, 2025). The Court flags local rule 7.1(b) which provides that "[t]he body of all documents shall be typed double-spaced and shall not exceed 28 lines per page; they shall not be single-spaced except for footnotes and indented quotations." The Amended Complaint does not abide by Rule 7.1. Plaintiff was instructed to follow Rule 7.1 in this Court's previous Order dismissing the Complaint. (Doc. 7 at 4.) The Amended Complaint thus contravenes this Court's Order and the Local Rules. The Court will nonetheless give Plaintiff a final opportunity to amend his complaint.

## III.    LEAVE TO AMEND

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation modified). Plaintiff's amended complaint must address the deficiencies identified above and should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure. Within thirty (30) days from the date of entry of this Order, Plaintiff may submit a First Amended Complaint. Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The Second Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

The Court draws attention to the District of Arizona's Federal Court Advice Only Clinic, Federal Court Advice Only Clinic - Phoenix | District of Arizona | United States District Court (uscourts.gov). The Court also notes the E-Pro Se program which assists litigants with creating a Complaint form, Welcome - eProSe (uscourts.gov). Lastly, the Court advises Plaintiff that certain resources for self-represented parties, including a handbook and the Local Rules, are available on the Court's website, www.azd.uscourts.gov, by following the link "Self-Represented Litigants."

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED dismissing** Plaintiff's Amended Complaint (Doc. 7) with leave to file a Second Amended Complaint within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a Second Amended Complaint within thirty (30) days of the date of this Order, the Clerk of Court shall dismiss this action without further order from the Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a Second Amended Complaint, it may not be served unless and until the Court issues an Order screening the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 3rd day of August, 2026.

Honorable Susan M. Brnovich
United States District Judge